Alonzo J. Prey, S. J. W.
Beacom died on the 14th day of June, 1918, and although he died at Los Angeles, California, he was a resident of the County of Cattaraugus, and State of New York. He left a last will and testament which was duly admitted to probate by the Surrogate’s Court of Cattaraugus County on the 22nd day of October, 1918, and the Union Trust Co. of Jamestown, New York, now merged with the Chautauqua National Bank of Jamestown, New York, was named and duly qualified as executor and also as testamentary trustee. The accounts of the executor were judicially settled, and there have been two intermediate settlements of the trustee’s account.
*835 The fourth paragraph of the will of the deceased which is under controversy is as follows:
‘ ‘ Fourth : I give, devise and bequeath to my son, Harry Beacom, of Wilsonburg, West Virginia, the sum of Four Thousand Dollars ($4,000.00), which said sum I give, devise and bequeath upon the conditions and subject to the limitations as follows: I do will and direct that as soon as my said Trustee shall have in its hands sufficient means, and can do so without prejudicing the interests of my estate, it invest said amount in good, safe and secure income bearing securities, and, during the existence of this trust, collect, recover and receive the income therefrom, and, after deducting taxes and expenses and its reasonable compensation for handling said trust estate there-out, pay monthly or quarterly for or on account of the rental of such place of residence as my said son Harry Beacom and his said wife may select from time to time for their family residence, such sums as may accrue as income from said trust fund, or so much of said income as may be necessary to pay the rental of their family residence. Said payments of income shall be paid directly to the owner or landlord of such residential property so long as they, or either of them shall live. And upon and after the death of both my said son and his wife said trustee shall pay said income in equal shares to each of the children of them, or the legally appointed guardian of said child or children. And at the time of reaching the age of majority of the youngest surviving child, the said trustee shall pay over to the then surviving child or children the whole of the corpus and principal of the said trustee estate in equal shares. The names of the children of said Harry Beacom and Emma Beacom, herein referred to, being Donald, Harold, Charlotte, Orpha, James, Philip and Harry Beacom.”
At the time of the death of the deceased, the son, Harry Beacom, had seven children all named in the will, being Donald, Harold, Charlotte, Orpha, James, Philip, and Harry C. Beacom, Jr.
The petition of the trustee does not set forth the fact that a construction of the fourth paragraph of the will of said deceased was made by a decree of the Surrogate’s Court of this county in September, 1921. At that time the Union Trust Co., the then trustee, instituted a proceeding for an intermediate judicial settlement of its accounts, and prior thereto Harry Beacom, one of the two life tenants of the will, had petitioned for a construction of the fourth paragraph of the will asking that its validity be determined. The then Surrogate of the court entertained the construction proceeding, and by a decree *836 dated September 15, 1921, determined that the trust vested in Harry Beacom and his wife, Emma Beacom, the life use of the sum of $4,000, and the corpus of the trust, by the determination of said decree, was vested, upon the death of Harry Beacom and his wife, in the seven children of the said Harry Beacom named in the will, namely: Donald, Harold, Charlotte, Orpha, James, Philip, and Harry Beacom, and the Surrogate further determined that the share of any child dying before the death of the survivor of their parents vested in the survivors of said children, and was to be paid to the survivor of said children when the youngest of the same attained the age of 21 years.
Counsel for the accounting trustee raises the question of the validity of the construction decree dated September 15, 1921 on the ground that at that time it was unnecessary to have determined the validity of the trust because the life estate had not terminated, and asserts that the Surrogate should not have entertained a construction proceeding at that time. Several cases have been cited by counsel for the petitioner, and in each of the cases cited the several Surrogates before whom construction proceeding had been presented, declined to entertain the application on the ground that it was unnecessary to determine the validity of the trust at the time, and dismissed the petitions. None of the cases, however, goes so far as to determine the question as to whether or not a decree made at the time would have been valid or invalid, and the court has found no authority on this point.
The court is bound by the decree of the Surrogate dated September 15, 1921. It was valid and binding upon all of the parties who were before the court.at that time. There are, however, after-born children of the deceased life tenants of whom the court did not have jurisdiction in the original construction proceeding, and one of the children named in the construction proceeding, namely James Beacom, predeceased the surviving life tenants leaving descendants, and this court is asked to determine whether or not the descendants of the deceased child of the life tenants are entitled to share in the proceeds of the corpus of the trust.
That question has been determined by the Surrogate in the previous construction proceeding by holding that any share of a deceased child of the surviving life tenants vests in the survivors, and this court holds that such a determination as set forth in the previous construction proceeding is sound and valid, and is binding on the court, and must be complied with by the accounting trustee. However, research indicates that after-born children of whom the court did not have jurisdiction *837 in the original construction proceeding, and being children of the two life tenants, born after the will of the deceased, J. W. Beacom, was probated, have not been deprived of their rights and interests in the trust and are entitled to share with the survivors of the seven children named in the will.
The special guardian, appointed by this court to represent the infant of the descendant of James Beacom, one of the sons of the two life tenants, has submitted a report in which he concurs with the findings of the court in the previous construction proceeding, namely that the grandchildren of the testator were not intended by him to benefit under the terms of the trust.
The court, therefore, finds:
1. That the decree of the Surrogate’s Court dated September 15, 1921, insofar as it relates to the validity of the trust, is the decree of this court and must be observed.
2. That the decree of this court dated September 15, 1921, insofar as it directs that the corpus of the trust be paid to the seven children named in the will or their survivors, is ineffective as to after-born children of the life tenants, and does not deprive them of their rights to inherit.
3. That the children of the deceased grandchild, James Beacom, are not entitled to share in the corpus of the trust.
4. That the corpus of the trust should be divided equally between the surviving children of the life tenants, namely: Donald J. Beacom, Harold C. Beacom, Harry 0. Beacom, Jr., Philip J. Beacom, Charlotte Beacom Brandt, Orpha Beacom Keller, Edward J. Beacom and Lucille Beacom Williams.
Let decree enter accordingly.